**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | )   No.  3:07-CR-0125-O |
| **KEVIN D. MOORE, 36285-177,** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural background**

Defendant is a federal prisoner.  On November 17 and November 24, 2014, he filed motions for relief from judgment pursuant to Fed. R. Civ. P. 60(d)(3)[1] arguing the government committed fraud on this Court because the government lacked jurisdiction to prosecute him, and because the prosecutor failed to take the oath of office to be an Assistant United States Attorney.

Defendant was convicted of transporting child pornography, in violation of 18 U.S.C. §2252(a)(1) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  Defendant was sentenced to 240 months on Count One and a consecutive 120 month term on Count Two, for an aggregate sentence of 360 months in prison.  On March 26,

---

[1] The Court notes that the Federal Rules of Civil Procedure do not apply to Defendant's criminal case.

Page 1

2010, the Fifth Circuit Court of Appeals affirmed Defendant's conviction and sentence. On October 4, 2010, the Supreme Court denied Defendant's petition for writ of certiorari. On July 31, 2013, the district court denied Defendant's motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255. On March 5, 2014, the Fifth Circuit denied Defendant's motion for certificate of appealability.

**II.  Discussion**

Defendant argues the government lacked jurisdiction to prosecute this case because 18 U.S.C. § 3231 is unconstitutional, the State of Texas has jurisdiction over the property in Texas rather than the federal government, and the prosecutor, Aisha Saleem, failed to take the oath of office to be an Assistant United States Attorney.

Defendant seeks to collaterally attack his criminal judgment and sentence. The Court therefore construes the motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255.  This determination must be made by a three-judge panel of the court of appeals before petitioner files his motion in district court.  28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition.  Petitioner must obtain such an order before another petition for post-conviction relief is filed.

### III.  Recommendation

The Court hereby recommends that Petitioner's November 17 and 24, 2014, motions for relief from judgment pursuant to Fed. R. Civ. P. 60(d)(3) be construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and that the Clerk of Court be directed to open a new civil action pursuant to § 2255 (nature of suit 510).  The Court also recommends that the § 2255 motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 15th  day of December,  2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).