IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-0125-O |
| | ) | |
| KEVIN D. MOORE, 36285-177 | ) | |

## ORDER

Before the Court are Defendant's Petition for Relief Under Federal Rule of Civil Procedure Rule 60(d)(3) (ECF No. 151), filed November 17, 2014; Defendant's Petition for Relief Under Federal Rule of Civil Procedure Rule 60(d)(3) (ECF No. 153), filed November 24, 2014; the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge (ECF No. 156), filed December 15, 2014; Defendant's Petition to Alter, Amend, or Reverse a Judgment Pursuant to Fed. R. Civ. P. Rule 59(e) (ECF No. 157), filed January 5, 2015; and Defendant's Objections to the Magistrate's FCR (ECF No. 159), filed February 20, 2015.

Based on the following, the Court **ACCEPTS** the Magistrate Judge's FCR (ECF No. 156), **OVERRULES** Defendant's Petition (ECF No. 153) and Objections (ECF No. 159), and **TRANSFERS** this case to the United States Court of Appeals for the Fifth Circuit.

By Defendant's pleadings, the Magistrate Judge correctly concluded Defendant was challenging the validity of his underlying conviction for various reasons and construed his requests as seeking relief pursuant to 28 U.S.C. §2255. Defendant has previously filed a challenge to his underlying conviction, which was denied. *See* Final J., *Moore v. United States of America*, No. 3:11-cv-2540 (N.D. Tex. July 31, 2013). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a successive petition filed by a person attacking a conviction under § 2255

1

must be certified by a panel of the appropriate court of appeals. These provisions require dismissal of a second or successive habeas proceeding unless specified conditions are met. The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)." *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). Since Defendant's present petitions were filed after the effective date of the AEDPA, this Court is without jurisdiction to consider them unless leave to file is granted by the court of appeals. Defendant has not obtained an order from the court of appeals authorizing the district court to review a successive petition for habeas-corpus relief. In such circumstances, the Fifth Circuit has authorized the transfer of such successive petitions under § 2255 to that court. As a result, the Court concludes that in the interests of judicial economy, Defendant's petition will be transferred to the United States Court of Appeals for the Fifth Circuit.

It is therefore **ORDERED** that these petitions for habeas corpus relief are hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED** on this **5th day** of **May, 2015.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE