IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 3:07-cr-00125-O-1 |
| § | |
| KEVIN D. MOORE, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Kevin D. Moore's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 219). For the reasons discussed herein, Moore's motion should be denied.

Title 28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. A district court may deny a motion to proceed *in forma pauperis* if an appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Washington v. Plano Indep. Sch. Dist.*, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). "To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynbaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). "If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in 'good faith' and the movant's petition to

1

appeal *in forma pauperis*, must be denied." *Id.* (citing *Howard*, 707 F.2d at 220). "The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys." *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them." *Id.* (citing *Yohey v. Collins*, 985 F.2d 222, 222-25 (5th Cir. 1993)).

Here, Moore seeks to appeal the District Court's December 3, 2020 denial of his Petition to Alter, Amend, or Reverse a Judgment Pursuant to Fed. R. Civ. P. 59(e). (ECF No. 216.) In that motion, Moore asked the Court to reconsider its order (ECF No. 204) denying his request for "Judicial Notice of Adjudicative Facts, Pursuant to Federal Rule of Evidence Rule 201" (ECF No. 192). The Court noted that the arguments raised in Moore's motion were previously raised by him and addressed by the Court. The Court recounted that Moore had repeatedly been warned about the filling of repetitive, meritless, and frivolous motions. The Court admonished Moore, once again, that if he persisted in filing meritless motions and/or repetitive motions, the Court would consider imposing greater sanctions than previously imposed. Moore's motion was ultimately denied. For these reasons, Moore's appeal is not taken in good faith. And therefore, the Court should DENY Moore's motion for leave to proceed *in forma pauperis* on appeal unless Moore pays the $505.00 filing fee within 30 days of the filing of this recommendation.

Signed December 29, 2020.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).